

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1765 | **DATE** | 8/1/2003 |
| **CASE TITLE** | Chicago District Council vs. Abel Angulo, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. But as stated earlier, Angulo and Rodriguez have dodged any bullets for now. Funds' motion is denied, and the parties are expected to discuss the procedures and timing of a prompt resolution of the entire case at the previously scheduled 9 a.m. August 14, 2003 status hearing. (84-1, 84-2)

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO DISTRICT COUNCIL OF )
CARPENTERS PENSION FUND, et al., )
)
Plaintiffs, )
)
v. ) No. 00 C 1765
)
ABEL ANGULO, et al., )
)
Defendants. )

DOCKETED
AUG 4 2003

MEMORANDUM OPINION AND ORDER

This ERISA-based action is extraordinarily long in the tooth--not just in relation to the conventional ERISA actions that seek to collect unpaid employer contributions (actions that for the most part end in default judgments or other speedy resolutions), but even by comparison with the most complex lawsuits that find root in the provisions of the ERISA statute (actions for withdrawal liability provide a good example of such potentially protracted litigation).[1] No doubt impelled in part by an entirely justifiable sense of frustration at the manner in which defendants Abel Angulo ("Angulo") and Maria Rodriguez ("Rodriguez") have dealt with this litigation, counsel for the plaintiff employee benefit funds ("Funds") has moved for the imposition of the civil equivalent of a death sentence: the striking of defendants' answers to the Second Amended Complaint

---

[1] This Court recalls no other ERISA-related case, during its 23-plus years on the bench, that has gone past the third anniversary that causes a case to become includable in the semi-annual report that every district judge must file.

and the entry of an order of default, so that the only proof remaining would be the quantification of Funds' damages. Angulo and Rodriguez have responded to that motion, making it ripe for disposition. For the reasons set out here, the motion is denied in its entirety--but without prejudice to the potential future imposition of meaningful sanctions against both defendants.

As the last clause indicates, this Court is not ruling against the ultimate visitation of appropriate sanctions--and perhaps very substantial sanctions--on Angulo or Rodriguez (or both) when all of the proofs are in. This Court's observation of the rocky course of the litigation, with Funds having been compelled to encounter obstacles of various kinds each step of the way, has generated a strong sense that the reasons for the case's protracted and checkered history may properly be placed at Angulo's and Rodriguez' doorstep. And that sense has been reinforced by the chapter-and-verse recital of defendants' conduct that has been detailed in Funds' current motion.

What prompts this Court's denial rather than the granting of the current motion, despite what appear to be solid grounds for imposing sanctions, is instead that a number of the issues on which the ultimate sanctions would have to rest--as a prime example, the presence or absence of perjury on the part of both Angulo and Rodriguez is one of those issues focused on in both sides' submissions--appear to be fact-intensive and best handled

as part of the final resolution via trial,[2] rather than as discrete matters to be resolved in more fragmented proceedings. It is worth noting that first Rodriguez and then Angulo sought shelter in bankruptcy proceedings, with each of them listing Funds as a creditor <u>without</u> voicing any dispute--Rodriguez' bankruptcy schedule listed the amount owed to Funds as $317,007 (the identical amount that LAMA Interiors, Inc.--the defunct employer whose obligation to Funds represented delinquent ERISA contributions--had shown as its own direct responsibility when it filed for bankruptcy), while Angulo listed his undisputed indebtedness to Funds in the somewhat lower amount of $288,188. Funds then filed an adversary proceeding in each of the two individuals' bankruptcies objecting to the discharge of those debts, and this Court's subsequent orders withdrawing the reference as to those two adversary proceedings has caused the claims of nondischargeability to be folded into this litigation.

If the account that has been set out in Funds' motion is accurate--and the Angulo-Rodriguez opposition does not really dispute the accuracy of the facts adduced by Funds, instead trying to put a different spin on those facts--Angulo and

---

[2] Although Funds' counsel had announced plans to file a summary judgment motion before tendering the current motion instead, it seems that the version of various aspects of the relevant events set out in the Angulo-Rodriguez response calls for credibility determinations that could not be made in the summary judgment context.

3

Rodriguez have engaged in major efforts to thwart the pursuit of justice. If those things are hereafter held, in the withdrawn adversary proceedings or in other aspects of the litigation before this Court, to constitute fraud or perjury or otherwise to justify sanctions, this Court will not hesitate to act at that time under one or more of the avenues of sanctions open to it--and to that end relief may take one or more forms (the possible shifting of fees and the possible mulcting of either or both defendants in fines are examples[3]).

But as stated earlier, Angulo and Rodriguez have dodged any bullets for now. Funds' motion is denied, and the parties are expected to discuss the procedures and timing of a prompt resolution of the entire case at the previously scheduled 9 a.m. August 14, 2003 status hearing.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date:   August 1, 2003

---

[3] By chance, yesterday's <u>Chicago Daily Law Bulletin</u> carried an article about the imposition by this Court's colleague John Grady of a sizeable fine on a litigant (and on his lawyer as well) for having played fast and loose with the justice system.